[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR PARTIAL SUMMARY JUDGMENT
The present action has been brought seeking damages for CT Page 2938 personal injuries sustained by the minor plaintiff. The plaintiff fell as a result of an icy condition on the property of the Westhill High School in Stamford where the plaintiff was a student. The suit was instituted against the Board of Education of the City of Stamford, ("The Board") City of Stamford ("The City") and Doctor William R. Papallo, the Superintendent of Schools for the City of Stamford. The defendants have moved for a summary judgment with respect to the First, Second and Fourth Counts of the Complaint asserting that the claims against the individual defendant are barred by the doctrine of governmental immunity. The defendants therefore assert that they are entitled to summary judgment with respect to the claims against the individual defendant as well as the derivative claims against the Board and the City which are based upon a finding of liability upon the individual defendant.
The first count of the complaint alleges negligence on the part of the individual defendant and asserts that as a result of such acts, the Board and the City are liable to the plaintiffs pursuant to provisions of General Statutes 7-465 and 10-235. The second count of the complaint alleges the Board and the City are liable for the negligent acts of the individual defendant pursuant to the provisions of General Statutes 52-577n. The fourth count of the complaint alleges a cause of action in negligence against the individual defendant.
The revised complaint alleges that the individual defendant was negligent in one or more of the following ways:
"a. In that the courtyard was not reasonably safe for the use and purposes intended; b. In that said defendant failed to cause said courtyard to be properly sanded and salted; c. In that said defendant failed to warn the students of Westhill High School, including the plaintiff BURNS of the slippery and dangerous condition which then and there existed on said courtyard although he knew or should have known of said condition; d. In that the said defendant permitted and encouraged students of Westhill High CT Page 2939 School, including said plaintiff, to use said courtyard when he knew or should have known that it was in a slippery and dangerous condition; e. In that said defendant failed to properly provide and train sufficient personnel to monitor the condition of the premises of Westhill High School during the Winter to guard against slippery and icy conditions; and f. In that in the exercise of reasonable care and inspection said defendant should have known of the aforementioned condition and should have remedied the same, yet this he failed to do."
General Statutes 7-465 provides for the assumption of liability by municipalities for damages which an employee becomes obligated to pay. General Statutes 10-235 provides for indemnification and expenses of litigation for employees of the Board of Education arising our of bodily injury claims, General Statutes 52-577n provides for liability of the municipality for negligent acts of its employees under the terms of the statute. Accordingly, under the pleadings presented, if a cause of action cannot be established against the individual defendant then the derivative claims under the above referred to statutes would not impose liability upon the Board or the City.
In support of the motion for summary judgment, individual defendant has filed an affidavit stating that he is the Superintendent of Schools in the City of Stamford; that his duties do not include personally inspecting the grounds at the high school or verifying that ice and snow conditions have been corrected; that he did not visit the Westhill High School on the day of the accident in connection with his obligations as Superintendent of Schools; that he was unaware of the icy conditions as claimed by the plaintiffs and that he did not personally instruct or encourage the minor plaintiff or any other student to use the courtyard of the high school on the day of the accident. The affidavit further states that the individual defendant relies upon subordinate for ongoing/regular maintenance and suervision of school grounds. Defendants have not filed a counter affidavit to contest any of the factual assertions contained in the affidavit filed by the individual defendant.
"The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact." Nolan v. Borkowski, 206 Conn. 495, 500 (1988). The issue for determination in a motion for summary judgment is whether the moving party would be entitled to a directed verdict on the same facts and the court must view the claims in the light most favorable to the nonmoving party. Connell v. Cowell, 214 Conn. 242,247 (1990). In appropriate factual situations, the summary judgment procedure can be utilized to determine issues relating to governmental immunity. Shore v. Stonington, 187 Conn. 147, (1982). A municipal employee has a qualified immunity in the performance of CT Page 2940 a governmental duty but may be liable if he misperforms a ministerial act as opposed to a discretionary act. The work "ministerial" refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion. Evon v. Andrews, 211 Conn. 501, 505 (1989). Even where the acts are discretionary, liability may be imposed where the circumstances make it apparent that the failure to act would be likely to subject an unidentifiable person to, imminent harm; where the statutes specifically provide for a cause of action for failure to enforce certain state laws; or where the alleged acts involve malice, wantonness or intent to injure rather than negligence. Evon v. Andrews, supra at 505.
If the duty imposed on a public official is a duty to the public, a failure to perform that duty, or an erroneous performance, is a public and not an individual injury. If the duty, on the other hand, is a duty to an individual then a neglect to perform that duty is an individual wrong and may support an action for damages. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 166 (1988). "Whether a public or private duty is established, there is no potential liability if the act complained of is a discretionary act that does not fit into any of the narrow exceptions . . . ." Gordon v. Bridgeport Housing Authority, supra at 169.
General Statutes 10-157 provides that the board of education "shall provide" a superintendent to serve as the chief executive officer of the board and specifically provides that "(T)he superintendent shall have executive authority over the school system and responsibility for its supervision." (emphasis supplied). The position of superintendent of schools is, therefore, that of a public officer who exercises executive authority" and has responsibility for "supervision" and who exercises broad powers to administer policies. See, Pope and Vouse. Metamorphosis of Public School Management: 5 Acts in Continuing Negotiations Scenario in Connecticut, 2 Conn. L. Rev. 285, 312 (1960-1970). The court therefore finds that the individual defendant is a public officer who, under the facts of this case, owes a public, not an individual, duty.
The plaintiff claims that the duties of the Superintendent of Schools establish a private duty which involves an identifiable and a foreseeable victim for which liability may be imposed even if the acts were regarded as being discretionary. In the present case there is no indication that the present plaintiff was singled out with respect to an application of a particular policy. The individual defendant was acting for the benefit of the public and was not discharging an affirmative duty owed to an identifiable individual student. Heigl v. Board of Education, 218 Conn. 1, 8
(1991). CT Page 2941
Even if the obligation of the individual defendant constituted a private duty, the acts alleged would not come within any of the exceptions relating to liability of public officers for discretionary acts. The affidavit submitted on behalf of the individual defendant negates any claims that he, personally, committed or participated in the commission of a tort under the rule of such cases is Scribner v. O'Brien. Inc., 169 Conn. 389, 404
(1975). No opposing affidavit has been filed on behalf of the plaintiffs and the court therefore finds that defendant was, at all times, acting in his official capacity as Superintendent of Schools and owed a duty to the public, and not to the individual plaintiff, and therefore he is immune from liability.
The plaintiff also claims that liability may be imposed by virtue of General Statutes 52-577n which provides that a municipality may be liable for damages which are caused by the negligent acts of an employee. However, that statute specifically provides that liability may not be imposed for "negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." Under the statute, liability would be dependant upon the nature of the acts involved which the court has already determined are governmental in nature and which are encompassed by the specific language of the statute as involving "the exercise of judgment and discretion."
The plaintiff also asserts that the court should hold the doctrine of governmental immunity unconstitutional under the authority of Ryszkiewicz v. City of New Britain, 193 Conn. 589
(1984). In that case the court held unconstitutional an attempt to limit liability for injuries caused by snow and ice in the City of New Britain to the sum of $1,000. However, a review of that case does not establish any basis for holding the doctrine of governmental immunity to be unconstitutional. The plaintiff also asks the court to abolish the doctrine of sovereign immunity by judicial decision. However, the issue of the desirability of immunity from suit and/or liability, in view of the long established recognition of those doctrines, is a matter for legislative, not judicial, determination. Bergner v. State,144 Conn. 282, 286-287 (1957).
Accordingly, for the reasons herein before stated the defendant's motion to strike the first, second and fourth counts of the complaint is hereby granted.
RUSH, JUDGE